Ross Shank (RShank@Kasowitz.com)
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Facsimile:  (212) 506-1800
 - and –
Edwin H. Caldie (MN Bar No. 0388930)
Brittany M. Michael (NY Bar No. 5678552)
Kevin P. Kitchen (MN Bar No. 0399297)
Logan R. Kugler (MN Bar No. 0400866)
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 335-1500

*Counsel for Level 3 Communications, LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) ) Chapter 11 ) |
| ORION HEALTHCORP, INC.[1], | ) Case No. 18-71748 (AST) ) |
| Debtors. | ) (Jointly Administered) ) |
| | ) |
| HOWARD M. EHRENBERG IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., *et al.*, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |

---

[1] The Debtors in these chapter II cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RM1 Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748.

1

|  |  |  |
|---|---|---|
| LEVEL 3 COMMUNICATIONS LLC f/d/b/a<br>TW TELECOM OF COLORADO, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>) | Adv. No. 20-08043 |

### DEFENDANT'S ANSWER TO ADVERSARY COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 & 550

Level 3 Communications, LLC, including its parents, subsidiaries, and affiliates, including Level 3 Telecom Holdings, LLC (collectively, "Level 3") as and for its Answer to the Complaint (the "Complaint") filed by Howard M. Ehrenberg in his capacity as liquidating trustee of Orion Healthcorp, Inc., *et al.* (the "Plaintiff"), hereby denies all allegations in the Complaint aside from those expressly admitted herein, and otherwise answers the Plaintiff's Complaint as follows:

### THE PARTIES

1. Level 3 is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and Level 3 therefore denies such allegations.

2. Level 3 Communications, LLC admits that it is a limited liability company, denies that it is formed under the laws of the State of New Jersey, but affirmatively states that it is formed under the laws of the State of Delaware, with its principal place of business at 1025 Eldorado Boulevard, Broomfield, Colorado. Level 3 Telecom of Colorado, LLC, an affiliate of Level 3 Communications, LLC, affirmatively states that it was formerly known as tw telecom of Colorado, llc, and it is a limited liability company, formed under the laws of the State of Delaware, with its principal place of business at 1025 Eldorado Boulevard, Broomfield, Colorado. Level 3 denies the remaining allegations contained in Paragraph 2.

## STANDING

3. Level 3 is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, and Level 3 therefore denies such allegations.

4. Level 3 is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, and Level 3 therefore denies such allegations.

5. Level 3 is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and Level 3 therefore denies such allegations.

6. Level 3 is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, and Level 3 therefore denies such allegations.

## JURISDICTION AND VENUE

7. The allegations contained in Paragraph 7 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Level 3 denies such allegations.

8. The allegations contained in Paragraph 8 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Level 3 denies such allegations.

9. The allegations contained in Paragraph 9 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Level 3 denies such allegations.

CORE/0807628.0142/158343144.3

10. The allegations contained in Paragraph 10 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Level 3 denies such allegations.

## BASIS FOR RELIEF REQUESTED

11. The allegations contained in Paragraph 11 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Level 3 denies such allegations.

## FACTS

12. Level 3 is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and Level 3 therefore denies such allegations.

13. Level 3 admits that it provided certain telecommunications equipment and services to the Debtors, and it billed the Debtors for those equipment and services. Level 3 denies the remaining allegations contained in Paragraph 13.

14. Level 3 admits that it received some payments from the Debtors prior to the Petition Date. Level 3 is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of the Complaint, and Level 3 therefore denies the allegations.

CORE/0807628.0142/158343144.3

## FIRST CLAIM FOR RELIEF
### (Avoidance of Preferential Transfers – 11 U.S.C. § 547)

15. Paragraph 15 does not contain any factual allegations to which a response is required. To the extent Paragraph 15 contains factual allegations, Level 3 denies the allegations. Level 3 incorporates by reference its answers to each preceding and succeeding paragraph, as if fully set forth herein in response to Paragraph 15 of the Complaint.

16. Level 3 admits that it received some funds from the Debtors during the 90-day period alleged in the Complaint. Level 3 is without information or knowledge sufficient to form a belief as to whether it received all of the Transfers, as defined in the Complaint, during this 90-day period, and therefore, denies the remaining allegations contained in Paragraph 16 of the Complaint.

17. Level 3 is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, and Level 3 therefore denies such allegations.

18. Level 3 is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and Level 3 therefore denies such allegations.

19. The allegations contained in Paragraph 19 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Level 3 denies such allegations.

20. Level 3 is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, and Level 3 therefore denies such allegations.

21. Level 3 is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint as to the solvency of the Debtors, and Level 3 therefore denies such allegations. The remaining allegations contained in Paragraph 21 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Level 3 denies such allegations.

22. Level 3 is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, and Level 3 therefore denies such allegations.

23. Level 3 is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, and Level 3 therefore denies such allegations.

24. The allegations contained in Paragraph 24 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Level 3 denies such allegations.

## SECOND CLAIM FOR RELIEF
### (For Recovery of Property – 11 U.S.C. §§ 544(b), 550)

25. Paragraph 25 does not contain any factual allegations to which a response is required. To the extent Paragraph 25 contains factual allegations, Level 3 denies the allegations. Level 3 incorporates by reference its answers to each preceding and succeeding paragraph, as if fully set forth herein in response to Paragraph 25 of the Complaint.

26. Level 3 is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint, and Level 3 therefore denies such allegations.

6

27.     Level 3 is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint as to Level 3 being an initial immediate, or mediate transferee, and Level 3 therefore denies such allegations. The remaining allegations contained in Paragraph 27 of the Complaint constitute legal conclusions to which no response is required.  To the extent Paragraph 27 contains factual allegations, Level 3 denies the allegations.

## AFFIRMATIVE DEFENSES

As a further Answer to the Complaint, and as and for its affirmative defenses to the allegations asserted in the Complaint, Level 3 states and alleges as follows:

### First Affirmative Defense

Each of the alleged transfers were executed in payment of a debt incurred by the Debtors in the ordinary course of their business and, further, each of the alleged transfers was made in the ordinary course of business between Level 3 and the Debtors and/or according to ordinary business and industry terms.  Accordingly, pursuant to 11 U.S.C. § 547(c)(2), the Plaintiff may not avoid or recover any of the Transfers received by Level 3.

### Second Affirmative Defense

After Level 3 received each of the alleged transfers, Level 3 provided new value to or for the benefit of the Debtors which was not secured by an otherwise unavoidable security interest, and on account of which the Debtors did not make an otherwise unavoidable transfer to or for the benefit of Level 3.  Accordingly, the Plaintiff may not avoid or recover any alleged transfer received by Level 3 pursuant to 11 U.S.C. § 547(c)(4).

### Third Affirmative Defense

Level 3 is entitled to setoff any amounts recoverable by the Trustee with any amounts owed to Level 3, including but not limited to amounts owed by the Debtors to Level 3 for general unsecured claims, administrative claims, and/or for telecommunications goods and services Level 3 provided the Debtors or benefiting the estate of the Debtors pre- and post-petition, including per 11 U.S.C. § 553 or other applicable law.

### Fourth Affirmative Defense

The Plaintiff's prayer to recover costs and expenses of this lawsuit from Level 3 lacks any basis in law or equity and should be denied accordingly.

### Fifth Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

**[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]**

**WHEREFORE,** Level 3 prays that judgment be entered in its favor and against the Plaintiff:

1.      Dismissing all Counts in the Complaint with prejudice and on the merits and ordering that the Plaintiff take nothing by this action;

2.      Denying the Plaintiff's request for interest and reimbursement of costs; and

3.      Awarding Level 3 such other relief as the Court deems just and proper, including its costs and disbursements incurred herein.

Dated: July 8, 2020                             /s/ *Ross G. Shank*
                                                Ross Shank (RShank@Kasowitz.com)
                                                KASOWITZ BENSON TORRES LLP
                                                1633 Broadway
                                                New York, New York 10019
                                                Telephone: (212) 506-1700
                                                Facsimile: (212) 506-1800
                                                Telephone: (612) 335-1500

                                                and

                                                Edwin H. Caldie (MN Bar No. 0388930)
                                                Brittany M. Michael (NY Bar No. 5678552)
                                                Kevin P. Kitchen (MN Bar No. 0399297)
                                                Logan R. Kugler (MN Bar No. 0400866)
                                                STINSON LLP
                                                50 South Sixth Street, Suite 2600
                                                Minneapolis, Minnesota 55402
                                                Telephone: (612) 335-1500
                                                ed.caldie@stinson.com
                                                brittany.michael@stinson.com
                                                kevin.kitchen@stinson.com
                                                logan.kugler@stinson.com

                                                *Counsel for Level 3 Communications, LLC*